**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Farmers Property and Casualty Insurance Company, (formerly Metropolitan Property and Casualty Insurance Company) a/s/o Christopher and Gretchen Howard, 700 Quaker Lane Warwick, RI 02886** | |
| *Plaintiffs*, | **JURY TRIAL DEMANDED** |
| v. | |
| **Apple, Inc. One Apple Parkway Cupertino, CA 95014** | |
| *Defendant.* | |

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Apple Inc., i/s/h/a Apple, Inc. ("Apple"), by and through its attorneys, hereby removes the above-captioned action, pending as Case ID 211200220 in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, Civil Trial Division, to the United States District Court for the Eastern District of Pennsylvania. In support of removal, Apple states as follows:

## PROCEDURAL BACKGROUND

1.      On or about December 7, 2021, Plaintiffs, then Metropolitan Property and Casualty Insurance Company, filed a Praecipe for a Writ of Summons captioned Metropolitan Property and Casualty Insurance Company, 700 Quaker Lane Warwick, RI 02886 v. Apple, Inc., in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, Civil Trial

Division.  The matter was assigned the Case ID 211200220.  The Writ contained no substantive information other than the name of the insurance company.

2.      On March 18, 2022, Plaintiffs filed a Complaint captioned Farmers Property and Casualty Insurance Company (formerly Metropolitan Property and Casualty Insurance Company), a/s/o Christopher and Gretchen Howard, 700 Quaker Lane Warwick, RI 02886 v. Apple, Inc., One Apple Parkway Cupertino, CA 95014.  *See* Ex. A (Complaint).

3.      Pursuant to 28 U.S.C. § 1446(b)(1), the Complaint is "the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

4.      Copies of all process, pleadings, and other orders that have been filed or served upon Apple to date are attached hereto as Exhibit A pursuant to 28 U.S.C. § 1446(a).  These documents include: (1) the Writ of Summons, (2) the Civil Cover Sheet (3) the Notice to Defend (4) the Affidavit of Service for the Writ, (5) the Complaint and (6) the Case Management Memos.

5.      The Complaint alleges that "a fire erupted" at "the subject property…as a direct result of an event internal to the electrical/battery system" or "one or more defects and/or malfunction [sic]" in an iPad on December 9, 2021 [sic].  *See* Ex. A (Complaint).

6.      This Court has jurisdiction over this action under 28 U.S.C. § 1332, *et seq.*

7.      The Complaint was not formally served on Apple in light of the Writ of Summons and Apple is filing this Notice of Removal within thirty days of the filing of the Complaint in the Court of Common Pleas action.  *See* 28 U.S.C. §1446(b)(1).

8.      One year has not expired since the commencement of the Court of Common Pleas action.

9.     Venue is proper in this Court as the Court of Common Pleas, First Judicial District of Pennsylvania, where the Court of Common Pleas action was originally filed, is within the Eastern District.  *See* 28 U.S.C. §§ 118(a), 1446(a).

10.     Pursuant to 28 U.S.C. § 1446(d), Apple is serving a copy of this Notice of Removal on all parties through their counsel of record.  Notice of the filing of this Notice of Removal will be filed with the Clerk of the Court of Common Pleas, First Judicial District of Pennsylvania, and served on all parties to the Court of Common Pleas, First Judicial District of Pennsylvania action. *See* Ex. B (Apple's Notice of Filing of Notice of Removal).

## DIVERSITY OF CITIZENSHIP

11.     The diversity of citizenship requirement under 28 U.S.C. § 1332(a) is met.

12.     Although the address of the "subject property" for this subrogation matter referenced in Plaintiffs' Complaint is not included the Complaint, upon information and belief based on correspondence from then-Metropolitan Property and Casualty Insurance Company, Christopher and Gretchen Howard are residents of Pennsylvania, with an address of 6802 Henry Avenue, Philadelphia, PA.  *See* Ex. C (January 6, 2020 Notice Letter).  As such, upon information and belief, Plaintiffs are citizens of the Commonwealth of Pennsylvania.

13.     Apple is now, and was at the time of commencement of the Court of Common Pleas action, an entity incorporated under the laws of California with its principal place of business in the State of California.  *See* 28 U.S.C. § 1332.  Accordingly, Apple is a citizen of the State of California.

14.      As the parties are citizens of different states, diversity of citizenship exists under 28 U.S.C. § 1332.

15.     Apple is the only named defendant in the Court of Common Pleas action. Therefore, all defendants appearing in the action consent to removal as required under 28 U.S.C. § 1446(b)(2)(A) and the forum-defendant rule (28 U.S.C. § 1441(b)(2)) does not prevent removal of this action.

## AMOUNT IN CONTROVERSY

16.     The amount in controversy requirement under 28 U.S.C. § 1332(a) is also met.

17.     As set forth in Plaintiffs' Case Management Memo, Plaintiffs allege $354,588.93 in damages.[1] *See* Ex. A (Plaintiffs' Case Management Memo).

18.     Accordingly, the action is removable pursuant to 28 U.S.C. § 1332.

19.     Apple reserves the right to amend or supplement this Notice of Removal and to assert any and all defenses and objections.

**WHEREFORE**, Defendant Apple Inc. effects the removal of the action in Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, Civil Trial Division, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

Dated:  April 7, 2022          **LAVIN, CEDRONE GRAVER, BOYD & DiSIPIO**

_____
Basil A. DiSipio, Esquire
Attorneys for Defendant Apple, Inc.
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106
(215) 627-0303 (phone) / (215) 627-2551 (fax)
bdisipio@lavin-law.com (e-mail)

---

[1] Apple does not concede or admit in any manner that the claim for damages in any amount by Plaintiffs has legal or factual merit, and reserves all rights and defenses as to such claims.

4

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| Farmers Property and Casualty Insurance Company, (formerly Metropolitan Property and Casualty Insurance Company), a/s/o Christopher and Gretchen Howard<br>    Plaintiff, | Case No. |
| vs. |  |
| Apple, Inc.<br>    Defendant. | **CERTIFICATE OF SERVICE** |

I hereby certify that on April 7, 2022, I caused the Notice of Removal for Defendant Apple, Inc. to be served upon the following recipients:

Richard A. Estacio, Esquire
848 E. Main Street, Suite 800
Ephrata, PA  17522
(610) 492-7343
restacio@kcalegal.com
Attorney for Plaintiffs


**LAVIN, CEDRONE GRAVER, BOYD & DiSIPIO**

_____
Basil A. DiSipio, Esquire
Attorneys for Defendant Apple, Inc.
190 North Independence Mall West
6th & Race Streets, Suite 500
Philadelphia, PA 19106
(215) 627-0303 (phone)
(215) 627-2551 (fax)
bdisipio@lavin-law.com (e-mail)

2316977v1

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
12/15/2021
CT Log Number 540741770

TO:     LGS SOP
        APPLE INC.
        ONE APPLE PARK WAY
        CUPERTINO, CA 95014-0642

RE:     **Process Served in California**

FOR:    Apple Inc.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY // To: Apple Inc. |
| **DOCUMENT(S) SERVED:** | Attachment(s), Writ |
| **COURT/AGENCY:** | Philadelphia County - Court of Common Pleas, PA<br>Case # 211200220 |
| **NATURE OF ACTION:** | Property Damage Litigation - Please kindly issue a writ of summons in civil action in the above-captioned matter |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/15/2021 at 09:30 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Richard A. Estacio<br>KOLB CLARE & ARNOLD, P.S.C.<br>848 E. Main Street, Suite 800<br>Epharata, PA 17522<br>610-492-7343 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2021, Expected Purge Date: 12/20/2021<br><br>Image SOP<br><br>Email Notification,  Colleen Brown  colleen_brown@apple.com<br><br>Email Notification,  Heather Moser  hmoser@apple.com<br><br>Email Notification,  Tim O'Neil  toneil@apple.com<br><br>Email Notification,  Charstie Wheelock  wheelock@apple.com<br><br>Email Notification,  Erik Floyd  efloyd@apple.com<br><br>Email Notification,  Ryan Moran  rmoran@apple.com<br><br>Email Notification,  Jennifer Brown  jennifer_brown@apple.com |

 CT Corporation

**Service of Process Transmittal**
12/15/2021
CT Log Number 540741770

**TO:** LGS SOP
APPLE INC.
ONE APPLE PARK WAY
CUPERTINO, CA 95014-0642

**RE:** **Process Served in California**

**FOR:** Apple Inc.  (Domestic State: CA)

Email Notification,  Susan Guarino  sguarino@apple.com

Email Notification,  Andrew Farthing  afarthing@apple.com

Email Notification,  Scott Murray  scott_murray@apple.com

Email Notification,  Lisa Olle  olle@apple.com

Email Notification,  Victoria Nakaahiki  victoria_nakaahiki@apple.com

Email Notification,  Maya Kumar  maya_kumar@apple.com

Email Notification,  Jessica Hannah  jessica_hannah@apple.com

Email Notification,  Kate Kaso-Howard  kkasohoward@apple.com

Email Notification,  Stephanie Fine  stephanie_fine@apple.com

Email Notification,  Amy Handler  ahandler@apple.com

Email Notification,  Gabe Zeldin  gzeldin@apple.com

Email Notification,  Benjamin Huh  bhuh@apple.com

Email Notification,  Aaron Huang  aaron_y_huang@apple.com

Email Notification,  James Wiley, Jr.  jwileyjr@apple.com

Email Notification,  Jesse Koehler  jesse_koehler@apple.com

Email Notification,  Andrew Stein  andrew_stein@apple.com

Email Notification,  Matt Clements  matthew_clements@apple.com

Email Notification,  Natalie Pous  npous@apple.com

Email Notification,  Mara Selfridge  mselfridge@apple.com

Email Notification,  Amy Walters  amy_walters@apple.com

Email Notification,  Robin Goldberg  robin_goldberg@apple.com

Email Notification,  Garrett Sakimae  gsakimae@apple.com

Email Notification,  LGS SOP  lgsopssop@group.apple.com

 CT Corporation

**Service of Process Transmittal**
12/15/2021
CT Log Number 540741770

TO: LGS SOP
APPLE INC.
ONE APPLE PARK WAY
CUPERTINO, CA 95014-0642

RE: **Process Served in California**

FOR: Apple Inc.  (Domestic State: CA)

Email Notification,  Audrey Stano  a_stano@apple.com

Email Notification,  Lloyd Keith II  fkeith@apple.com

Email Notification,  Colette Mayer  colette.mayer@apple.com

Email Notification,  Anita Bamshad  abamshad@apple.com

Email Notification,  Jack Pararas  jpararas@apple.com

**REGISTERED AGENT ADDRESS:**   C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Wed, Dec 15, 2021

**Server Name:**         Arturo Ruiz

| Entity Served | APPLE INC. |
|---|---|
| Case Number | n/a |
| Jurisdiction | CA |



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CIVIL**

METROPOLITAN PROPERTY AND
CASUALTY INSURANCE COMPANY,
700 QUAKER LANE
WARWICK, RI 02886

            Plaintiff,

v.

APPLE, INC.
ONE APPLE PARK WAY
CUPERTINO, CA 95014

            Defendant.

CIVIL ACTION-LAW

CASE NO._____

JURY TRIAL DEMANDED

## PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONOTARY/CLERK OF COURT:

    Please kindly issue a writ of summons in civil action in the above-captioned matter.

                           KOLB CLARE & ARNOLD, P.S.C.

Date: December 7, 2021

                           Richard A. Estacio, Esq.
                           848 E. Main Street, Suite 800
                           Ephrata, PA 17522
                           Telephone: (610) 492-7343
                           Email: restacio@kcalegal.com
                           Supreme Court ID No.: 52793
                           *Counsel for Plaintiff*

Case ID: 211200220

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CIVIL**

| | |
|---|---|
| **METROPOLITAN PROPERTY AND**<br>**CASUALTY INSURANCE COMPANY,**<br>**700 QUAKER LANE**<br>**WARWICK, RI 02886** | **CIVIL ACTION-LAW** |

**CASE NO.**_____

Plaintiff,

v.

**APPLE, INC.**
**ONE APPLE PARK WAY**
**CUPERTINO, CA 95014**

**JURY TRIAL DEMANDED**

Defendant.

## WRIT OF SUMMONS IN A CIVIL ACTION

TO:   **APPLE, INC.**
       **CT CORPORATION**
       **330 North Brand Blvd., Suite 700**
       **Glendale, CA 91203**

YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF HAS COMMENCED AN
ACTION AGAINST YOU.

Date: _____

_____
Eric Feder, Clerk of Court



Case ID: 211200220

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **DECEMBER 2021** | **000220** |
| E-Filing Number: 2112012996 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | APPLE, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 700 QUAKER LANE WARWICK RI 02886 | ONE APPLE PARK WAY CUPERTINO CA 95014 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | ☐ Complaint   ☐ Petition Action   ☐ Notice of Appeal |
| | | ☒ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less | ☐ Arbitration | ☐ Mass Tort | ☐ Commerce   ☐ Settlement |
| ☒ More than $50,000.00 | ☒ Jury | ☐ Savings Action | ☐ Minor Court Appeal   ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals   ☐ W/D/Survival |
| | ☐ Other: | | |

| CASE TYPE AND CODE |
|---|
| 2P - PRODUCT LIABILITY |

| STATUTORY BASIS FOR CAUSE OF ACTION |
|---|
| |

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED PRO PROTHY** DEC 07 2021 S. RICE | YES         NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| RICHARD A. ESTACIO | 848 E. MAIN STREET SUITE 800 EPHRATA PA 17522 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610) 492-7343 | none entered | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 52793 | restacio@kcalegal.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| RICHARD ESTACIO | Tuesday, December 07, 2021, 12:32 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CIVIL**

Filed and Attested by the
Office of Judicial Records
18 MAR 2022 01:16 pm
G. IMPERATO

| | | |
|---|---|---|
| Farmers Property and Casualty Insurance | : | Case No. 211200220 |
| Company, (formerly Metropolitan Property | : | |
| and Casualty Insurance Company), | : | |
| a/s/o Christopher and Gretchen Howard, | : | |
| 700 Quaker Lane | : | |
| Warwick, RI 02886 | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Apple, Inc. | : | |
| One Apple Parkway | : | Major Case |
| Cupertino, CA 95014 | : | Jury Trial Demanded |

<u>**NOTICE TO DEFEND**</u>

**NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.    You should take this paper to your lawyer at once.  If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

**Philadelphia Bar Association**
**Lawyer Referral and Information Service**
**1101 Market St., 11th Floor**
**Philadelphia, Pennsylvania  19107**
**(215) 238-6333**

Case ID: 211200220

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

**Asociacion De Licenciados**
**De Filadelfia Servicio De Referencia E**
**Informacion Legal**
**1101 Market St., 11th Piso**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**

Case ID: 211200220

**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION-CIVIL**

| | | |
|---|---|---|
| **Farmers Property and Casualty Insurance** : | **Case No. 211200220** |
| **Company, (formerly Metropolitan Property** : | |
| **and Casualty Insurance Company),** : | |
| **a/s/o Christopher and Gretchen Howard,** : | |
| **700 Quaker Lane** : | |
| **Warwick, RI 02886** : | |

                       **Plaintiff,**        :

**v.**       :

**Apple, Inc.**       :
**One Apple Parkway**       :      **Major Case**
**Cupertino, CA 95014**       :      **Jury Trial Demanded**

## COMPLAINT

Plaintiff, Farmers Property and Casualty Insurance Company [formerly Metropolitan Property and Casualty Insurance Company], a/s/o Christopher and Gretchen Howard (hereinafter "Farmers"), by and through its undersigned attorneys, hereby submits his Complaint against Defendant, Apple Inc., and in support thereof avers as follows:

### PARTIES

1.    Plaintiff Farmers is a corporation with a business address of 700 Quaker Lane, Warwick, RI 02886.

2.    At all times relevant hereto, Defendant, Apple Inc. ("Apple" or "Defendant"), upon information and belief, was and is a California corporation with its principal place of business located at One Apple Park Way, Cupertino, CA 95014.

3.      Apple is in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programming and/or updating iPads, and component parts, including the Apple iPad (the "subject iPad") at issue in the instant case.

## STATEMENT OF CASE

4.      Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

5.      Prior to December 9, 2021, Defendant designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, programmed, updated, and placed into the stream of commerce the subject iPad that was equipped with an electrical system, battery system containing lithium-ion batteries, as well as a software system that was capable of being remotely updated by Defendant even after the date of purchase.

6.      Prior to December 9, 2021, Plaintiff's insureds, Christopher and Gretchen Howard, purchased the subject iPad.

7.      Prior to December 9, 2021, the subject iPad had the original operating system in place, as well expected authorized updates downloaded onto the iPad.

8.      Prior to December 9, 2021, Plaintiff's insured operated and used the subject iPad in a foreseeable, normal, ordinary, and intended manner.

9.      On or about December 9, 2021, a fire erupted at the subject property as a direct result of an event internal to the electrical/battery system in the subject defective iPad. Alternatively, on or about December 9, 2021, a fire erupted at the subject premises as a direct result of one or more defects and/or malfunction in the subject iPad related to the electrical/battery system in the subject iPad.

10.     Prior to the fire, neither the subject iPad nor its electrical/battery system

Case ID: 211200220

been modified, changed, altered, misused or abused by Plaintiff insureds in any way beyond what was authorized, provided for or anticipated by Defendant after it had placed the subject iPad into the stream of commerce.

11.     The fire caused extensive damage to Plaintiff's insureds' real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses and hardship besides.

12.     As a result of the aforementioned fire, Plaintiff's insureds sustained damages in an amount in excess of $50,000.00.

13.     Plaintiff paid the Howards for the loss described herein pursuant to the policy of insurance with policy number 184293265-0.

## COUNT I- STRICT PRODUCTS LIABILITY

### Farmers v. Apple, Inc.

14.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as if they were fully set forth at length herein.

15.     Defendant is engaged in the business of designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programming and/or updating iPads (which were equipped with an electrical system/battery system containing lithium-ion batteries, as well as a software system that was capable of being remotely updated by Defendant even after the date of purchase).

16.     Furthermore, Defendant specifically designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, programmed, updated and placed into the stream of commerce the subject iPad at issue in this case, which was equipped with an

Case ID: 211200220

electrical system/battery system containing lithium-ion batteries, as well as a software system that was capable of being remotely updated by Defendant even after the date of purchase.

17.     The subject iPad was not modified, changed, altered, misused, or abused after Defendant placed the product into the stream of commerce.

18.     Defendant knew, and intended, that the subject iPad would be used by members of the general public, and furthermore knew of the specific uses, purposes and requirements for which said iPad would be utilized, including that Defendant intended to authorize, facilitate and provide necessary future updates for the operating system and software installed on the iPad that might affect the operation of the subject iPad and its electrical system/battery system.

19.     Defendant designed, manufactured, tested, inspected, assembled, marketed, sold, distributed, programmed, updated, and placed into the stream of commerce the subject iPad in a defective and unreasonably dangerous condition, which ultimately led to a catastrophic failure and/or mal function.

20.     Defendant knew, or should have known, that the iPad would, and did, reach Plaintiff without substantial change in the condition in which it was originally selected and sold.

21.     The subject iPad was not altered in any manner that caused or contributed to the fire after the product originally left the possession of Defendant (other than as authorized, recommended and/or facilitated by Defendant).

22.     Plaintiff's insureds, Christopher and Gretchen Howard, operated the iPad in a foreseeable, normal, ordinary and intended manner at all relevant times.

Case ID: 211200220

23.     The fire and its resulting property damage were caused by the defective and unreasonably dangerous condition of the subject iPad at the time it left the hands of Defendant, including design defects, manufacturing defects, programming defects, and improper warnings/instructions and/or malfunction.

24.     The fire and its resulting property damage were caused by the defective and unreasonably dangerous condition of the product, including design defects, manufacturing defects, programming defects, and improper warnings/instructions and/or malfunction.

25.     The aforementioned defects, and/or unreasonably dangerous conditions, existed at the time Defendant placed the subject iPad into the stream of commerce and were foreseeable then; as well as after, when Defendant may have facilitated the updating of the subject iPad's operating system and software.

26.     The subject iPad was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

27.     The probability of injury times the gravity of injury under the design of the subject iPad was and is more than the cost of an alternative reasonable design plus the diminished utility resulting from modifying the design.

28.     Common experience teaches that the fire would not have occurred in the subject iPad in the absence of such a defective and unreasonably dangerous condition.

29.     The foreseeable risks associated with the design of the subject iPad exceed all benefits.

30.     The defective and unreasonably dangerous conditions of the subject iPad were direct and proximate causes of the damages sustained by Plaintiff.

Case ID: 211200220

31.    The defective and unreasonably dangerous conditions of the subject iPad proximately caused a fire to occur at the subject property, which resulted in damages to Plaintiff; thus, Defendant is strictly under Section 402A of the Restatement (2d) of Torts, and Pennsylvania's applicable case law.

32.    The fire that occurred in the subject product and the subsequent damage to real and personal property, was caused by and  resulted from the negligent, carelessness, reckless  and grossly negligent acts and/or omissions of Apple, acting by and through its respective agents, servants and/or employees in the course and scope of their employment, through which Defendant is strictly liable under  Section 402A of the  Restatement  (2d) of Torts, and  Pennsylvania's applicable case law, by reason of:

   a)  designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject iPad, which Apple knew  or should have reasonably known would subject Plaintiff to an unreasonable risk of harm;

   b)  designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the  subject  iPad,  which  Apple  knew  or should have reasonably known would endanger  the  real  and  personal property  of Plaintiff;

   c)  failing to select safe and adequate components of the subject iPad;

   d)  failing to  properly and adequately warn of the limitations of the subject iPad;

   e)  failing to provide adequate and sufficient warnings with respect to the subject iPad which thereby rendered the subject iPad defective and unreasonably dangerous;

   f)  failing to distribute and/or supply a product that was safe of its reasonably foreseeable use and intended purpose;

   g)  designing, assembling, manufacturing, selling, testing, distributing and/or marketing a defective product, the subject iPad, that was not reasonably fit,

Case ID: 211200220

suitable or safe for its intended purpose;

h) failing to properly test and inspect the subject iPad at the time it left the control of Defendant;

i) failing to manufacture, assemble and/or design the subject iPad in a manner sufficient to prevent fire;

j) failing to comply with all local, state and federal codes, regulations, ordinances, standards, recommendations and/or requirements;

k) selling, distributing and/or marketing a defective iPad;

l) otherwise failing to act reasonably under the circumstances; and failing to identify and design out foreseeable use hazards and failure hazards in general.

33.    As a direct and proximate result of Defendant Apple's aforementioned acts and/or omissions for which Apple is strictly liable, the Plaintiff sustained and incurred damage to his/their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $50,000.00.

34.    For these reasons, Defendant is strictly liable to Plaintiff as a result of the aforementioned fire wherein Plaintiffs sustained damages in an amount well in excess $50,000.00.

WHEREFORE, Plaintiff Farmers respectfully requests judgment against Defendant, Apple Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II- NEGLIGENCE

### Farmers v. Apple, Inc.

35.    Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint

Case ID: 211200220

as if they were fully set forth at length herein.

36.     Defendant owed a duty of reasonable care to purchasers/users/consumers and the like with regard to the designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programming, updating, and placing into the stream of commerce the subject iPad; and breached said duty.

37.     Defendant knew, and intended, that the subject iPad would be used by members of the general public/consumers and furthermore knew of the specific uses, purposes and requirements for which said product would be utilized, including that Defendant intended to authorize, facilitate and provide necessary future updates for the operating system and software installed on the iPad would negatively affect the operation of the subject iPad and its battery system.

38.     When the subject iPad was distributed and sold, Defendant was aware that the subject iPad could be updated remotely with authorized software and operating system updates, and it is likely that Defendant intended to facilitate such updates and, in fact, did facilitate such programming updates.

39.     The aforementioned damages were the direct and proximate result of the negligence and careless conduct and/or acts or omissions of Defendant, by and through its employees, agents, technicians, vendors, subcontractors, suppliers and/or servants, more specifically failing to exercise reasonable care described as follows:

    a)  carelessly and negligently failing to design, manufacture, test, inspect, assemble, market, sell, distribute, program, update and/or place into the stream of commerce a properly functioning and defect-free iPad, which after reasonable and foreseeable use malfunctioned and/or catastrophically failed;

    b)  carelessly and negligently failing to properly design, manufacture, test, inspect, assemble, market, sell, distribute, program, update and/or place into the stream of commerce the subject iPad free from defects, including but not

Case ID: 211200220

limited to batteries and an electrical system/battery system capable of functioning in a safe and appropriate manner - originally, as well as after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

c)  carelessly and negligently failing to properly ensure that the iPad, including its component parts, were in a safe condition, and free of all material defects, including but not limited to batteries and an electrical system/battery system capable of functioning in a safe and appropriate manner - originally, as well as after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

d)  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad when it knew, or should have known, that the product was unsafe and unfit for its intended use, including but not limited to batteries and an electrical system/battery that was unsafe and unfit originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

e)  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad when Defendant knew, or should have known, that the product would be inadequate for the reasons for which it was purchased, originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

f)  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad that had unreasonably dangerous electrical system/battery components (and/or programming as to the use of such components) that caused the product to catastrophically fail and/or malfunction, originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

g)  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or placing into the stream of commerce the subject iPad that had unreasonably dangerous electrical system/battery components (and/or programming as to the use of such components) that caused the product to catastrophically fail and/or malfunction, originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

h)  carelessly and negligently designing, manufacturing, testing, inspecting, assembling, marketing, selling, distributing, programing, updating and/or

Case ID: 211200220

placing into the stream of commerce a dangerous and detective iPad that Defendant knew, or reasonably should have known, exposed users to an unreasonable risk of harm, originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

i) carelessly and negligently failing to properly and adequately design, manufacture, test, inspect, assemble, market, sell, distribute, program and/or update the subject iPad prior to introducing the product into the stream of commerce and/or after facilitating authorized updates to the operating system and software of the subject iPad and altering the functioning of the iPad, including but not limited to the electrical system/battery system;

j) carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the product, which rendered it defective and unreasonably dangerous, originally and after Defendant may have facilitated authorized updates to the operating system and software of the subject iPad;

k) carelessly and negligently authorizing, recommending, programming and facilitating updates to the operating system and software so as to allow them to be downloaded to the subject iPad which altered the functioning of the iPad, including but not limited to the electrical system/battery system;

l) carelessly and negligently authorizing, recommending, programming and facilitating updates to the operating system and software that Defendant knew, or should have known, rendered the product unsafe and unfit for its intended use;

m) carelessly and negligently authorizing, recommending, programming and facilitating updates to the operating system and software that Defendant knew, or should have known, were not free from defects and were not compatible with the iPad and/or battery system already installed on the subject iPad; and/or

n) carelessly and negligently failing to provide adequate and sufficient warnings and instructions with respect to the authorized updates to the operating system and software and the impact on the subject iPad and the electrical system/battery system, which rendered it defective and unreasonably dangerous at the time of sale.

40. As a direct and proximate result of Defendant's aforementioned negligent and careless actions and/or omissions, the aforementioned fire occurred and Defendant is liable to Plaintiff for the damages sustained.

Case ID: 211200220

41.     For these reasons, Defendant is liable to Plaintiff as a result of the aforementioned fire, for which Plaintiff sustained damages in an amount in excess of $50,000.00.

WHEREFORE, Plaintiff Farmers respect fully requests judgment against Defendant, Apple Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III - BREACH OF EXPRESS and/or IMPLIED WARRANTIES

### Farmers v. Apple, Inc.

42.     Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as if they were set forth at length herein.

43.     The design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, programming, updating and/or placing into the stream of commerce of the subject iPad was not performed in a professional, competent, and workmanlike manner for the reasons set forth herein, and as such posed a hazard to Plaintiff and his property.

44.     In conjunction with the design, manufacture, testing, inspecting, assembling, marketing, selling, distributing, programming, updating and/or placing into the stream of commerce of the subject iPad, Apple expressly and impliedly warranted that the product would be free from defects and safe to use for its intended purpose. Plaintiff, relied upon the warranties set forth by Apple to his detriment.

45.     Apple breached these warranties because the subject iPad was not free of

Case ID: 211200220

defects, was not of merchantable quality, and was not fit for the purposes for which it was intended.

46.     Plaintiff has performed all conditions precedent to recover based upon such breaches.

47.     Plaintiff's damages occurred as a direct result of Apple's breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A. §2315 and §2314(c), and as a result of Apple's breach of its expressed/implied warranties in violation of 13 Pa. C.S.A §2313, as well as the express and implied warranties set forth in the warranties included at the time of purchase of the product, and/or any time prior or subsequent thereto.

48.     Plaintiff, a consumer used the subject iPad in a foreseeable and ordinary manner, of which Defendant should have been aware, and for which Defendant's expertise was relied upon; yet Plaintiff sustained the damages described herein due to the defects, breaches and negligence described above.

49.     As a direct and proximate result of Apple's aforementioned warranty breaches (express and/or implied), for which Apple is liable, the Plaintiff sustained and incurred damage to his/their real and personal property, and caused other consequential and incidental damages including clean-up costs, repair, and other associated expenses in an amount in excess of $50,000.00.

WHEREFORE, Plaintiff Farmers respectfully requests judgment against Defendant, Apple Inc., in an amount in excess of $50,000.00, plus costs incident to this suit, delay damages, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

Case ID: 211200220

KOLB CLARE & ARNOLD, P.S.C.

Date:   March 18, 2022

_____
Richard A. Estacio, Esq.
848 E. Main Street, Suite 800
Ephrata, PA 17522
Telephone: (610) 492-7343
Email: restacio@kcalegal.com
Supreme Court ID No.: 52793
Counsel for Plaintiff Farmers Insurance

Case ID: 211200220

## **VERIFICATION**

I, Christopher Howard, General Adjuster with Farmers Property & Casualty Insurance Co. hereby states that I am familiar with the underlying facts of this action, verify that the averments set forth in the foregoing pleading are true and correct to the best of his/her knowledge, information and belief.  The undersigned understands that the statements therein made are subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

03/18/2022
_____
Date

_____
[insert name]
Christopher M Howard, Sr. Claims Adjuster

**FILED**
17 MAR 2022 12:59 pm
Civil Administration

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| Farmers Insurance (formerly Metropolitan), a/s/o | : | Civil Action - Law |
| Christopher and Gretchen Howard | : | |
| v. | : | CASE NO. 211200220 |
| Apple, Inc. | : | |
| | : | JURY TRIAL DEMANDED |

## CASE MANAGEMENT CONFERENCE MEMORANDUM

Filing party: Farmers Insurance (formerly Metropolitan)    By: Richard A. Estacio, Sr. _____, Esq.

Counsel's address and telephone number (**IMPORTANT**) 848 E. Main St., Suite 800, Ephrata, PA 17522
484-844-9130

## Part A
### *(to be completed in personal injury cases)*

1. Date of accident or occurrence: _____

   1(a). Age of Plaintiff(s): _____

2. Most serious injuries sustained: _____

3. Is there any permanent injury claimed?    ☐ Yes    ☐ No

   If yes, indicate the type of permanent injury: _____

4. Dates of medical treatment: _____

5. Is medical treatment continuing?    ☐ Yes    ☐ No

6. Has there been an inpatient hospitalization?    ☐ Yes    ☐ No

***This form shall be presented to the Case Manager and copies served upon all parties at the Case Management Conference by counsel prepared to discuss its contents.***

01-105 (Rev. 10/99) (1)

7. Has there been any surgery?  ☐ Yes  ☐ No

If yes, indicate the type of surgery: _____

8. Approximate medical bills to date: $_____

Approximate medical bills recoverable in this case: $_____

9. Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?  ☐ Yes  ☐ No

If yes, what type and approximate amount? _____

10. Time lost from work: _____

11. Approximate past lost wages: _____

12. Is there a claim for future lost earning capacity?  ☐ Yes  ☐ No

If yes, approximate future lost earning capacity: _____

13. Are there any related cases or claims pending?  ☐ Yes  ☐ No

If so, list caption(s) or other appropriate identifier: _____

_____

_____

14. Do you anticipate joining additional parties?  ☐ Yes  ☐ No

15. Plaintiff's factual position as to liability: _____

_____

_____

_____

16. Defense factual position as to liability: _____

_____

_____

_____

17. Defense position as to causation of injuries alleged: _____

18. Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| | | |
| | | |
| | | |

Are there issues as to the applicability
of the above insurance coverage:  ☐ Yes  ☐ No

19. Demand: $_____  Offer: $_____

# Part B
### *(to be completed in all cases other than personal injury)*

1. Date of contract of transaction: December 9, 2020

2. Is there a writing?   ☑ Yes   ☐ No

   If yes, is there an allegation that the writing does
   not contain the entire agreement of the parties?   ☑ Yes   ☐ No

3. Is the Uniform Commercial Code applicable to this case?   ☑ Yes   ☐ No

4. Describe the nature of the conduct alleged as giving rise to the cause of action:
   The iPad purchased from Defendant Apple, Inc. contained an electrical/battery system defect which resulted in substantial
   fire and smoke damage to the insureds' home and its contents when the iPad overheated and ignited a bed in the home.

5. State the amount of damages claimed by Plaintiff:

   (a) Direct $354,588.93

   (b) Consequential

   (c) Other (specify)

6. Defense position as to alleged nature of conduct giving rise to cause of action and any counterclaim:
   Liability denied at this time.

7. If there is a counterclaim, state the amount of damages sought:

   (a) Direct NA

   (b) Consequential

   (c) Other (specify)

8. Identify all applicable insurance coverage:

   | **Defendant** | **Insurance Carrier** | **Coverage Limits** |
   |---|---|---|
   | See Defendant's conference memorandum | | |

9. Demand: $ 354,588.93                    Offer: $ None at this time

01-105 (Rev. 10/99) (3)

FILED
17 MAR 2022 02:10 pm
Civil Administration
B. KOCH

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

|  |  |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | COURT OF COMMON PLEAS |
| Plaintiff, | COUNTY OF PHILADELPHIA CIVIL TRIAL DIVISION |
| v. APPLE, INC. | DOCKET NO.: 2112-000220 |
| Defendant. |  |

## <u>CASE MANAGEMENT CONFERENCE MEMORANDUM</u>

Filing party:. <u>Apple Inc. i/s/h/a Apple, Inc. ("Apple")</u>        By: <u>Basil A. DiSipio, Esquire</u>

Counsel's address and telephone number (**IMPORTANT**)
<u>190 N. Independence Mall West, Suite 500, Philadelphia, PA 19106, (215) 627-0303</u>

### PART B
### *(to be completed in all cases other than personal injury)*

1.  Date of contract of transaction:     <u>N/A.</u>

2.  Is there a writing?                                                □ Yes        X No

    If yes, is there an allegation that the writing does
    not contain the entire agreement of the parties?                 □ Yes        □ No

3.  Is the Uniform Commercial Code applicable to this case?          □ Yes        X No

4.  Describe the nature of the conduct alleged as giving rise to the cause of action:
    Unknown; No Complaint has been filed.  The Writ of Summons states that this is a "property
    damage" action.  Apple has no further information regarding this matter.

5.  State the amount of damages claimed by Plaintiff:

    (a)  Direct     Unknown; *See* Plaintiff's Case Management Conference Memorandum.  Apple
         denies that Plaintiff is entitled to relief from Apple.

    (b)    Consequential   Unknown; *See* Plaintiff's Case Management Conference Memorandum. Apple denies that Plaintiff is entitled to relief from Apple.

    (c)    Other (specify)   Unknown; *See* Plaintiff's Case Management Conference Memorandum. Apple denies that Plaintiff is entitled to relief from Apple.

6.    Defense position as to alleged nature of conduct giving rise to cause of action and any counterclaim:

Unknown.  No Complaint has been filed.  The Writ of Summons states that this is a "property damage" action.  Apple has no further information regarding this matter.  Apple denies liability or that Plaintiff is entitled to any relief from Apple.

7.    If there is a counterclaim, state the amount of damages sought:

    (a)    Direct   N/A.

    (b)    Consequential   N/A.

    (c)    Other (specify)   N/A.

8.    Identify all applicable insurance coverage:

| *Defendant* | *Insurance Carrier* | *Coverage Limits* |
|---|---|---|
| Apple Inc. | Apple is self-insured for the purposes of this lawsuit. | N/A. |

9.    Demand:  $  Plaintiff has not made a demand         Offer:  $  N/A.

2312153v1

# Exhibit B

**LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO**     Counsel for Defendant, Apple Inc.
Basil A. DiSipio, Esquire / ID No. 28212
190 N. Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303 / Fax: (215) 627-2551
bdisipio@lavin-law.com

---

| METROPOLITAN PROPERTY AND | |
| CASUALTY INSURANCE COMPANY | COURT OF COMMON PLEAS |

|   | Plaintiff, | COUNTY OF PHILADELPHIA |
| v. | | CIVIL TRIAL DIVISION |
| APPLE, INC. | | |
| | Defendant. | DOCKET NO.: 2112-00220 |

**NOTICE OF FILING OF NOTICE OF REMOVAL**

---

TO:    PLAINTIFF AND PLAINTIFF'S ATTORNEY, RICHARD A. ESTACIO, ESQUIRE,
       848 E. MAIN STREET, SUITE 800, EPHRATA, PA  17522


PLEASE TAKE NOTICE that Defendant Apple Inc. has filed a Notice of Removal in the

United States District Court for the Eastern District of Pennsylvania removing the civil action

entitled *Metropolitan Property and Casualty Insurance Company v. Apple, Inc.*, from the Court of

Common Pleas of Philadelphia County to the United States District Court for the Eastern District

of Pennsylvania.

FURTHER TAKE NOTICE that attached hereto is a copy of said Notice of Removal.

Respectfully submitted,

Dated:  April 7, 2022

_____

Basil A. Disipio, Esquire
Attorneys for Defendant, Apple Inc.
190 North Independence Mall West 6th & Race
Streets, Suite 500
Philadelphia, PA 19106
(215) 627-0303 (phone)
(215) 627-2551 (fax)
bdisipio@lavin-law.com (e-mail)

2

**LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO**          Counsel for Defendant, Apple Inc.
Basil A. DiSipio, Esquire / ID No. 28212
190 N. Independence Mall West, Suite 500
6th & Race Streets
Philadelphia, PA  19106
(215) 627-0303 / Fax: (215) 627-2551
bdisipio@lavin-law.com

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY | COURT OF COMMON PLEAS |
| Plaintiff, | COUNTY OF PHILADELPHIA |
| v. | CIVIL TRIAL DIVISION |
| APPLE, INC. | DOCKET NO.: 2112-00220 |
| Defendant. | |

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2022, the within Notice of Filing of Notice of Removal was electronically filed with the Court and served on counsel below via e-mail.

Richard A. Estacio, Esquire
848 E. Main Street, Suite 800
Ephrata, PA  17522
(610) 492-7343
restacio@kcalegal.com
Attorneys for Plaintiff

Respectfully submitted,

Basil A. DiSipio, Esquire
Attorneys for Defendant Apple Inc.
190 North Independence Mall West 6th & Race Streets, Suite 500
Philadelphia, PA 19106
(215) 627-0303 (phone) /(215) 627-2551 (fax)
bdisipio@lavin-law.com (e-mail)

2312912v1

# EXHIBIT C



**Jennifer R. Fantoni, Esq.**
Litigation Manager
9390 Bunsen Parkway
Louisville, Kentucky 40220
Telephone: (502) 214-6123
Facsimile: (855) 404-9220
jfantoni@equian.com

January 6, 2020

Apple
ATTN: Legal Department
1 Apple Park Way
Cuppertino, CA 95014

|  |  |  |
|---|---|---|
| Re: | Our Client: | Metropolitan Property and Casualty Insurance Company |
|  | Our Named Insured: | Christopher Howard |
|  | Loss Location: | 6802 Henry Ave., Philadelphia, PA |
|  | Date of Loss: | December 9, 2019 |
|  | Our File Number: | TP 6097115-9625142 |
|  | Your Claim Number: | 100977366959 |

<u>**NOTICE OF JOINT SCENE EXAMINATION**</u>
<u>**YOUR IMMEDIATE RESPONSE IS REQUIRED**</u>

Dear Sir or Madam:

Metropolitan Property and Casualty Insurance Company ("Met P&C"), as subrogee of Christopher Howard, has a potential subrogation claim against your company for damages related to a fire loss that occurred on December 9, 2019 at 6802 Henry Avenue in Philadelphia, PA. Upon information and belief, the fire appears to have originated in an Apple iPad.

The physical evidence relevant to this potential subrogation claim has been preserved without substantial change or modification since the date of the fire. **<u>A joint scene examination has been scheduled for January 13, 2020 with a start time of 9:00 a.m.</u>** Michael Daily of Valentine & Associates is handling the scene investigation for Met P&C; he can be reached at (856) 784-6077 or at mdaily@valentineassoc.com. By service of this Notice of Joint Scene Examination, you have received formal notice of the pending joint inspection. If you refuse or otherwise fail to attend, or fail to contact my office to discuss any scheduling conflicts, you will waive any rights regarding the inspection.

Please contact our office immediately to confirm your attendance at the joint scene examination and to discuss this matter generally. **Please also note that the scene is being held pending this examination and therefore time is of the essence.** I can be reached directly at (502) 214-6123 or at jfantoni@equian.com. Alternately, if you have insurance that would cover this loss, please provide this correspondence to your insurance carrier and ask that they contact me. In either event, thank you in advance for giving this matter your immediate attention.

Sincerely,

Jennifer R. Fantoni

Jennifer R. Fantoni, Esq.